[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #131
The defendant James Ciarcia, is a guarantor of a loan extended by the plaintiff, Merrill Lynch Business Financial Services (MLBFS) to the defendant Psychiatric Services Institute, LLC (Psychiatric Services).
The Plaintiff MLBFS has moved for summary judgment against the defendant Ciarcia claiming that it is entitled to judgment in its favor as a matter of law. To its motion for summary judgment the plaintiff has attached, among other documents, the loan agreement and the guaranty at issue.
The defendant Ciarcia does not dispute that he signed the guaranty nor does he dispute the plaintiffs assertion that Psychiatric Services is in default. The defendant does claim that he left Psychiatric Services in early 2000 and that he did not agree to any extensions of the maturity dates on the loan which resulted in a final maturity date of February 28, 2001.
The defendant further argues that the plaintiff should have known that he was no longer associated with Psychiatric Services after early 2000 but took no action to collect the debt at that time and the plaintiff has taken no action to recover the collateral for the loan which he claims is now in the possession of Dr. Jerome Schnitt, a co-guarantor and Psych Services, LLC which was a successor in interest to Psychiatric Services.
Thus the defendant Ciarcia has filed a number of special defenses to the complaint. In the first special defense he claims that he has been released from any obligation to the plaintiff since Psychiatric Services is no longer liable. However, C.G.S. § 42a-3-605 (b) provides: "Discharge, under section 42a-3-604, of the obligation of a party to pay an instrument does not discharge the obligation of an endorser or accommodation party having a right of recourse against the discharged CT Page 12973 party."
In his second and third special defenses, the defendant claims estoppel and waiver as against the plaintiff. However, he does not allege any specifics with respect to those claims.
In his fourth special defense the defendant alleges that the plaintiff failed to take reasonable action with respect to the collateral and its dealings with other defendants. In his fifth special defense the defendant alleges that the plaintiffs failure to pursue the borrower (Psychiatric Services) and its failure to recover the collateral has caused his release from the guaranty. Finally, in his sixth special defense the defendant claims that the plaintiff failed to act in good faith by releasing the borrower and other guarantors as well as another LLC.
As noted above the defendant argues in his brief in opposition to the plaintiffs motion that he is released from any obligations to the plaintiff because the latter extended the maturity date of the loan without his consent and has filed a counter-affidavit to that effect.
Each of the defenses asserted by the defendant Ciarcia are "suretyship defenses" created by Section 605 of Article three of the Uniform Commercial Code.
However, these defenses may be waived. C.G.S. § 42a-3-605 (i) provides:
 A party is not discharged under this section if (i) the party asserting the discharge consents to the event or conduct that is the basis of the discharge, or (ii) the instrument or a separate agreement of the party provides for a waiver of discharge under this section either specifically or by general language indicating that parties waive defenses based upon suretyship or impairment of collateral.
In this case the language of the guaranty provides in part:
The liability of the guarantors hereunder shall in no event be affected or impaired by any of the following, any of which may be done or omitted by MLBFS from time to time without notice to or the consent of any Guarantor: (a) any renewals, amendments, modification or supplements of or to any CT Page 12974 of the Guaranteed Documents, or any extensions, forbearances, compromises or releases of any of the Obligations or any of MLBFS rights under any Guaranteed Documents. . . . MLBFS shall not be required at any time, as a condition of Guarantors' obligation hereunder, to resort to any collateral or pursue or exhaust any other rights or remedies whatsoever.
Additionally, the guaranty provides:
 No release or discharge in whole or in part of any one or more of the guarantors or any other guarantor of the obligations shall release or discharge any of the other Guarantors or any other guarantor, unless and until all of the obligations shall have been indefeasibly fully paid and discharged.
The plaintiff has identified no other actions on the party of MLBFS by way of estoppel, waiver, or commercially unreasonable conduct other than that specifically noted above and concerning which the defendant Ciarcia has waived his rights in the Guaranty.
In his affidavit, the defendant Ciarcia states that he never intended to waive any of his rights in the loan documentation with plaintiff. He states further that he would never have consented to the commercially unreasonable conduct of MLBFS, that he expected MLBFS to pursue all the collateral and would not have executed the guaranty if he knew that MLBFS was not going to try to collect on the collateral which secured the loan.
The defendant Ciarcia claims that he is entitled to an evidentiary hearing in which the plaintiff would be required to show that the waiver was knowingly and intelligently made. "While a determination about a party's intent to waive his rights ordinarily poses a question of fact, clear and definitive contract language can establish a waiver as a matter of law." Connecticut National Bank v. Douglas, 221 Conn. 530, 545
(1992). In the present case, Ciarcia expressly stipulated in the conditional Guaranty that his obligations would not be discharged notwithstanding "any . . . releases of any obligations or any of MLBFS's rights under any of the Guaranteed Documents and that MLBFS shall not be required at any time to resort to payment from . . . other persons or entities whatsoever. . . ."
A different result is not mandated by the fact that Ciarcia withdrew CT Page 12975 from the partnership before the extended maturity date of the loan. SeeCenterbank v. Buselli Associates, Docket No. CV 95 0128984,1996 WL 168036 (Conn.Super. March 25, 1996).
The clear and definite contract language in the guaranty establishes Ciarcia's waiver as a matter of law and he is not therefore entitled to an evidentiary hearing on the issue of whether the waiver was intelligently, knowingly, and voluntarily made.
The plaintiff's motion for summary judgment as to the defendant James Ciarcia is therefore granted as to liability only. The plaintiff may file a claim for a hearing in damages for an assessment of damages.
___________________ Thompson, J CT Page 12976